**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

HEGEH K.,

                                                            Civ. No. 26-3087 (JRT/ECW)
                         Petitioner,

v.

TODD BLANCHE, *Acting Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S.*
*Department of Homeland Security*;          **MEMORANDUM OPINION AND ORDER**
                                             **GRANTING PETITION FOR WRIT OF**
DAVID VENTURELLA, *Director,*                         **HABEAS CORPUS**
*Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St.*
*Paul Field Office, Immigration & Customs*
*Enforcement*; and

JOEL BROTT, *Sheriff, Sherburne County*,

                         Respondents.

Hegeh K., SPN 34306, Sherburne County Jail, 13880 Business Center Drive, Northwest, Elk River, MN 55330, *pro se* Petitioner.

Carl Berry and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Minneapolis, MN 55415, for Federal Respondents.

David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Minneapolis, MN 55415, for Respondent Joel Brott.

Petitioner Hegeh K. seeks a writ of habeas corpus, arguing that his present

detention is unlawful because his April 20, 2026 arrest by immigration officials was not

supported by a valid warrant.  Because the Court determines on the record before it that the warrant supporting Petitioner's arrest was invalid, the Court will grant the Petition and order Petitioner's immediate release.

**FACTS**

Petitioner is a citizen of Liberia, who entered the United States under a grant of asylum in 1995.  (Decl. of Deportation Officer Ivan Sabin ("Sabin Decl.") ¶ 4, Jul. 1, 2026, Docket No. 10.)  Petitioner has a history of criminal activity, most recently including 2024 convictions for theft and violating a domestic abuse no contact order.  (*Id.* ¶ 38–39.)

Petitioner was arrested by Immigration and Customs Enforcement officials on April 20, 2026.  (*See id.* ¶ 40, Ex. C (Notice to Appear), Ex. D (I-200 warrant).)  The I-200 warrant for Petitioner's arrest was issued on April 24, 2024—almost two years prior to Petitioner's arrest.  (*Id.*, Ex. D.)  Petitioner's Notice to Appear was issued on the day of Petitioner's arrest, on April 20, 2026.  (*Id.*, Ex. C.) After his arrest, Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236, an immigration judge concluded that Petitioner's criminal convictions subject him to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) and denied him release on bond.  (*Id.* ¶ 40, Ex. F.)

Petitioner filed a Petition for Writ of Habeas Corpus on June 25, 2026 (Docket No. 1) and an Amended Petition later that same day (Am. Pet. Writ Habeas Corpus ("Pet."), June 25, 2026, Docket No. 3).  On July 10, 2026, the Court ordered additional briefing on

the issue of whether Petitioner was arrested pursuant to a valid warrant.[1]  Respondents

(Brief, July 14, 2026, Docket No. 15) and Petitioner (Pet.'s Supp. Br., July 16, 2026, Docket

No. 17) both submitted supplemental briefing.

**DISCUSSION**

While Petitioner appeared to raise several different claims in his Petition and initial

briefing, Petitioner now clarifies that "he is only challenging his unlawful detention under

the Fourth Amendment . . . ."[2]  (Pet.'s Supp. Br. at 2, July 16, 2026, Docket No. 17.)

Petitioner argues that "[h]is detention is unlawful because his arrest and detention on

April 20, 2026 [were] based on an invalid Form I-200 warrant for arrest."  (*Id.*)

The Court concludes that Petitioner has demonstrated that the warrant supporting

his arrest was invalid.  Although the I-200 arrest warrant in this case (Sabin Decl., Ex. D)

and the Notice to Appear (Sabin Decl. Ex. C) were both **served** on Petitioner on April 20,

2026, the I-200 warrant was **issued** nearly two years ago—on April 24, 2024.  There is

nothing in the record to demonstrate that Petitioner was subject to a Notice to Appear

on April 24, 2024.

---

[1] The Court also ordered briefing on one additional legal question, which Petitioner clarified is not the issue under which he seeks relief in this case.

[2] In opposition to the Petition, Respondents rely primarily on arguing that this Court lacks jurisdiction to adjudicate it.  The Court rejects that argument.  Petitioner raises a claim that ICE failed to follow its own regulations in arresting and detaining Petitioner.  This Court has consistently exercised jurisdiction to adjudicate such claims.

ICE's regulations empower certain officials, "[a]t the time of issuance of [a] notice to appear, or at any time thereafter and up to the time removal proceedings are completed," to arrest a noncitizen and take them into custody "under the authority of Form I-200, Warrant of Arrest."  8 C.F.R. § 236.1.  It is undisputed in this case that the warrant purporting to authorize Petitioner's arrest was issued nearly two years **before** the initiation of removal proceedings, and thus, was invalid.  *See, e.g.*, *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701 (D. Minn. May 5, 2026).  In sum, Petitioner's arrest was unlawful, and the proper remedy is to release him.  *See, e.g., Hector J.A.S. v. Shea*, Civ. No. 26-2242, 2026 WL 1243500 at *3 (D. Minn. May 6, 2026).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Hegeh K.'s Amended Petition for Writ of Habeas Corpus (Docket No. [3]) is **GRANTED** as follows:

1.  Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

3.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on August 7, 2026**.  Further, the

-5-

parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  August 4, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge